IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

DISABILITY RIGHTS CENTER OF
ARKANSAS, INC.                                               PLAINTIFF

V.                                 Case No. 4:13 cv-103-JLH

BAPTIST HEALTH                                               DEFENDANT

**PLAINTIFF'S MOTION FOR AN ORDER COMPELLING DEFENDANT'S
ANSWERS TO PLAINTIFF'S FIRST AND SECOND SET OF
INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

COMES NOW the Plaintiff, Disability Rights Center of Arkansas, Inc., by and through its undersigned attorney, J. Paul Davidson, and requests this Court enters an appropriate Order against the Defendant, Baptist Health, pursuant to Rule 37 of the Federal Rules of Civil Procedure, and in support thereof states as follows:

1.      DRC filed its Complaint against Baptist on March 1, 2013.

2.      DRC filed its complaint in response to Baptist's refusal to allow DRC access to records and to facilities needed to investigate three (3) restraint related deaths that had occurred at Baptist's facilities.  The three (3) deaths at issue in this matter all occurred within three (3) weeks of each other, all involved enclosed beds, and all were reported to DRC by the Center for Medicaid and Medicaid Services (CMS), which collectively provided DRC's probable cause determination that these individuals could have been subject to abuse and neglect and warranted an investigation.  Through its investigation, DRC has learned that there were two (2) additional restraint related deaths that occurred during the same time period as the original three (3) restraint related deaths. As the designated Protection and Advocacy system for the State of

Arkansas, access to the records and to the facilities in question is necessary for DRC to comply with its federal mandate to investigate incidents of abuse and neglect of individuals with disabilities.

3.    Baptist filed its Answer on March 29, 2013.

4.    On October 9, 2013, DRC forwarded to Baptist *Plaintiff's First Set of Interrogatories and Requests for Production. See* a true and correct copy of correspondence dated October 9, 2013, attached as Exhibit "A."

5.    On November 4, 2013, DRC granted a week extension for Baptist to respond to that discovery request, making those responses due November 14, 2013. *See* a true and correct copy of correspondence dated November 4, 2013, attached as Exhibit "B."

6.    On November 15, 2013, Baptist provided DRC with *Defendant's Response to Plaintiff's First Set of Interrogatories and Requests for Production. See* a true and correct copy of correspondence dated November 15, 2013, attached as Exhibit "C."

7.    In its response, Baptist objected to *Interrogatory Nos. 2* and *6* and *Requests for Production Nos. 1* and *6* based on HIPAA privacy regulation requirements. Baptist also objected to Interrogatory No. 2 claiming that the information sought was "irrelevant and cannot possibly lead to the discovery of relevant evidence."

8.    The information sought by these discovery requests is solely within the knowledge and control of the party to whom it is addressed and is essential to DRC's preparation for trial.

9.    On November 22, 2013, DRC forwarded correspondence to Baptist's counsel requesting that they respond to DRC's Interrogatories and Requests for Production on or before

November 29, 2013. *See* a true and correct copy of correspondence dated November 22, 2013, attached as Exhibit "D."

10.     On November 25, 2013, DRC sent *Plaintiff's Second Set of Interrogatories and Requests for Production* to Baptist.

11.     On November 26, 2013, Baptist's counsel contacted DRC, and both parties agreed to an extension until December 6, 2013, to respond to DRC's good faith letter. *See* a true and correct copy of correspondence dated November 26, 2013, attached as Exhibit "E."

12.     On December 3, 2013, DRC received correspondence from Baptist in response to DRC's good faith letter, further refusing to provide said answers. *See* a true and correct copy of correspondence dated December 2, 2013, attached as Exhibit "F."

13.     On December 20, 2013, Baptist asked for and was granted a three (3) week extension for responding to *Plaintiff's Second Set of Interrogatories and Requests for Production*, which made the discovery due on or before January 8, 2014.

14.     On January 8, 2014, Baptist provided DRC with *Defendant's Response to Plaintiff's Second Set of Interrogatories and Requests for Production. See* a true and correct copy of correspondence dated January 8, 2014, attached as Exhibit "G."

15.     In its response, Baptist objected to both Requests for Production based on Arkansas peer review and quality assurance statutes and attorney-client privilege.

16.     On January 9, 2014, DRC forwarded good faith correspondence to Baptist's counsel requesting that they respond to *Plaintiff's Second Set of Interrogatories and Requests for Production* by January 10, 2014, by 10 o'clock a.m., attached as Exhibit "H."

17.     As of the filing of this Motion, Baptist continues to refuse to provide DRC with the answers and requested records, even after DRC provided Baptist with clear language from

3

relevant federal law and analogous case law, demonstrating Baptist's objections were without merit.

18.    As more fully analyzed in DRC's *Brief in Support of Plaintiff's Motion to Compel Defendant's Answers to Plaintiff's Frist and Second Set of Interrogatories and Requests for Production of Documents*, which is incorporated herein as if set forth word for word, Baptist should be compelled to provide DRC with complete answers and records, as requested in the discovery propounded in this matter.

19.    Pursuant to Rule 37(a)(5) of the Federal Rules of Civil Procedure, DRC requests Baptist reimburse DRC's expenses and attorney's fees for having to file said Motion.

20.    As analyzed above, DRC and its counsel, J. Paul Davidson, assert that DRC's Motion has been filed only after conferring in good faith with Baptist Health's counsel on the specific issues in dispute. Despite DRC's good faith efforts, the parties have been unable to resolve their disagreements without the Court's intervention.

WHEREFORE, the Plaintiff, Disability Rights Center of Arkansas, Inc., by and through its counsel, J. Paul Davidson, requests this Court enter an Order pursuant to Rule 37 of the Federal Rules of Civil Procedure compelling Defendant Baptist Health to serve upon moving counsel Baptist's full and complete answers to the aforementioned discovery requests; its expenses and attorney fees for having to file said Motion; and for any other relief that Plaintiff may be entitled to.

Respectfully submitted,

*/s/ J. Paul Davidson*
J. Paul Davidson ABN #2006291
DISABILITY RIGHTS CENTER
OF ARKANSAS, INC.

4

1100 N. University
Ste. 201
Little Rock, AR 72207
Phone:  501-296-1775
Facsimile:  501-296-1779
pauldavidson@arkdisabilityrights.org

### CERTIFICATE OF SERVICE

I, J. Paul Davidson, do hereby certify that I have sent via:

        ☐ Hand-delivery
        ☐ Telefax
        ☑ Electronic mail
        ☐ U.S. Mail, postage prepaid
        ☐ Federal Court ECF System

this 17th day of January 2014, a true and complete copy of the forgoing to the following individuals:

Mr. Byron Freeland
Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.
425 W. Capitol Ave.
Ste. 1800
Little Rock, AR 72201
bfreeland@mwlaw.com

        /s/ J. Paul Davidson
        J. Paul Davidson